Argued and submitted September 14, 1994, affirmed March 8, 1995

Colleen Ann DUNNE,
aka Colleen Dunne,
*Appellant,*

*v.*

Angie DAFFER,
nka Angie Arnson,
*Respondent.*

Angie DAFFER,
nka Angie Arnson,
*Third-Party Plaintiff,*

*v.*

B, P & M INVESTMENTS,
a partnership consisting of
Mike Ruth, Patricia Ruth,
James Yukich and Beverly Willis,
*Third-Party Defendants.*

(91-10-34462; CA A81511)

891 P2d 15

George W. Kelly argued the cause and filed the brief for appellant.

Jonel K. Ricker argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff, Colleen Ann Dunne, appeals a judgment denying foreclosure of a security interest in certain equipment sold to defendant Angie Daffer. On *de novo* review, ORS 19.125(3), we affirm.

Plaintiff owned a restaurant, which she operated in premises leased from B, P & M Investments. Plaintiff sold the restaurant to defendant, who agreed to take over the lease. The sale agreement required defendant to make a down payment, certain weekly payments and a final payment of $5,000. In exchange for those payments, plaintiff agreed to transfer ownership of, among other things, more than 150 listed items of personal property. Those items included a sink, kitchen shelves, a kitchen counter, a hood with fire extinguisher, spot lights, ceiling fans, a salad bar, and a five-ton air conditioner with heat pump.

Defendant assumed the lease and took over operation of the restaurant, making use of all equipment and other personal property that remained on the premises and, meanwhile, making all required weekly payments. Shortly before the final payment became due under the sale agreement, defendant decided to vacate the premises, remove her property and start a new restaurant. At that point, B, P & M Investments informed her that it, not plaintiff, owned the sink, the kitchen shelves, the kitchen counter, the hood with fire extinguisher, the spot lights, the ceiling fans, the salad bar and the air conditioner, because they were fixtures attached to the leased premises. B, P & M eventually gave defendant permission to remove the first seven items, but not the air conditioner. Defendant took some of the items, but refused to make the final $5,000 payment. Plaintiff then initiated this action to foreclose on the equipment securing defendant's obligation to make the final payment. The trial court found for defendant, because "[plaintiff] did not fulfill her obligation and is precluded from successfully prevailing on a foreclosure action."

Plaintiff appeals, arguing that, under various provisions of the Uniform Commercial Code, she is entitled to relief because defendant "accepted delivery" of all the listed items when she took over the lease and, even if that were not

the case, the value of the items not delivered is not equal to the $5,000 defendant withheld. This case does not, however, involve a sale of goods subject to the provisions of the Uniform Commercial Code, and plaintiff conceded that point at oral argument.[1]

■ Under basic principles of equity, one may not seek the remedy of foreclosure without first having fully performed. For example, in *Winslow v. Gilstrap*, 147 Or 374, 32 P2d 767 (1934), the plaintiff attempted to foreclose on a land sale contract that required the defendant to make a final payment upon delivery of marketable title. The Supreme Court held that the plaintiff was not entitled to the remedy of foreclosure because, although there was evidence that the defendant had withheld his final installment, there also was evidence that the plaintiff could not deliver marketable title. *See also Heider v. Dietz*, 234 Or 105, 110-11, 380 P2d 619 (1963).

This case presents a similar situation. Plaintiff agreed to transfer ownership of a number of items of property and, in exchange for those items, defendant agreed to make a final installment payment. Plaintiff could not fully perform, that is, she could not transfer ownership of several of the items she promised to transfer. Therefore, she is not entitled to demand the remedy of foreclosure for defendant's failure to make the final installment payment.[2]

Affirmed.

---

[1] ORS 72.1050(1) defines "goods" as "all things * * * which are moveable at the time of identification to the contract of sale." Plaintiff agreed at oral argument that the items at issue were not moveable, but instead are fixtures, the sale of which the Uniform Commercial Code does not cover.

[2] At oral argument, plaintiff asserted a right to recover damages in the amount of the $5,000 defendant withheld. However, plaintiff's complaint states but a single claim, for foreclosure. As part of the prayer for relief under the foreclosure claim, plaintiff included a request for a money judgment of $5,000. That request for a money judgment is merely a necessary part of the prayer for relief under the foreclosure claim. *See* ORS 88.010. It does not constitute a separate claim for relief. Therefore, we do not address the question whether plaintiff may be entitled to damages for breach of contract.